# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12cv65

| | |
|---|---|
| JESSICA M. HADLOCK, | )<br>) |
| Plaintiff, | )<br>) |
| Vs. | )     ORDER<br>) |
| TAX MANAGEMENT ASSOCIATES, INC., | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on the notice of settlement filed by the mediator on November 9, 2012, indicating a dismissal would be filed within 10 days. After a month had passed and no dismissal had been filed, this court contacted respective counsel via email sent on December 11, 2012. That email provided, as follows:

> The docket shows that this matter was resolved at mediation on November 7, 2012, and the report indicates that a dismissal would be filed within 10 days. Judge Cogburn asks that the parties file their Rule 41 stipulation within the week.

The court's email system confirms that such email was received by respective counsel; however, counsel never responded and failed to file a Rule 41 stipulation within the time provided.

On December 22, 2012, the court contacted counsel for defendant informing them of the missed deadline. While the call was made to lead counsel for defendant, other counsel from the firm of record returned the call on December 27, 2012, informing the court that lead counsel had moved to another firm and had taken the case to that firm. The court notes that lead counsel for defendant has not, however, updated his address with court, which is required to maintain membership in the Bar of this court.

Finally, the court called counsel for defendant after securing a telephone number for his new firm. That call was returned and a voicemail indicating that it was defendant's belief that it was up to plaintiff to file the dismissal. Such belief, however, is not entirely correct. Where, as here, an Answer has been filed, "the plaintiff may dismiss an action without a court order by filing . . . (ii) a stipulation of dismissal signed by all parties who have appeared." Fed.R.Civ.P. 41(a)(1)(A)(ii). Thus, plaintiff cannot now take a unilateral dismissal, and both plaintiff and defendant must sign a Stipulation of Dismissal.

\*\*\*

At this point, the court has exhausted all efficient avenues in an attempt to obtain compliance by counsel. All counsel will, therefore, be required to appear and show cause at the January 7, 2012, calendar call why this action should not be summarily dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that all counsel for the parties appear and show cause on January 7, 2013, at the 9:30 a.m. Calendar Call why this action should not be summarily dismissed.

Signed: December 28, 2012

Max O. Cogburn Jr.
United States District Judge